# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO.  3:24-CV-455-KDB-DCK

| | | |
|---|---|---|
| **TOLULOPE AYOOLA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **ORDER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNION COUNTY DEPARTMENT OF** | ) | |
| **SOCIAL SERVICES,  UNION COUNTY** | ) | |
| **DIVISION OF HUMAN SERVICES,  and** | ) | |
| **UNION COUNTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion For Judgment On The Pleadings" (Document No. 9) filed August 16, 2024, and "Defendants' Motion To Stay Initial Attorney Conference" (Document No. 10) filed August 23, 2024.  These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motions, the record, and applicable authority, the undersigned will direct that the pending motions be <u>denied</u> as moot.

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed.R.Civ.P. 15(a)(1).

Plaintiff filed an "Amended Complaint" (Document No. 11) pursuant to Fed.R.Civ.P. 15 on August 30, 2024, in response to "Defendants' Motion For Judgment On The Pleadings"

(Document No. 9). As such, the undersigned will direct that the pending motions be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendants contend the Amended Complaint is deficient, this Order is without prejudice to Defendants filing a renewed dispositive motion and motion to stay the Initial Attorney's Conference.

**IT IS, THEREFORE, ORDERED** that that "Defendants' Motion For Judgment On The Pleadings" (Document No. 9) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Defendants' Motion To Stay Initial Attorney Conference" (Document No. 10) is **DENIED AS MOOT**.

**SO ORDERED**.                Signed: September 3, 2024

_____

David C. Keesler
United States Magistrate Judge