# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:24-CV-455-KDB-DCK

| | | |
|---|---|---|
| **TOLULOPE AYOOLA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **v.** | ) | |
| | ) | |
| **UNION COUNTY DEPARTMENT OF** | ) | |
| **SOCIAL SERVICES, UNION COUNTY** | ) | |
| **DIVISION OF HUMAN SERVICES, and** | ) | |
| **UNION COUNTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants Union County Department Of Social Services and Union County Division Of Human Services' Motion For Judgment On The Pleadings" (Document No. 20) filed October 25, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Tolulope Ayoola ("Plaintiff" or "Ayoola") initiated this action with the filing of a "Complaint" (Document No. 1) on May 6, 2024. Plaintiff then filed an "Amended Complaint" (Document No. 11) on August 30, 2024. Plaintiff asserts claims against the Union County Department Of Social Services, Union County Division Of Human Services, and Union County (together "Defendants") for: (1) race discrimination in violation of 42 U.S.C. § 1981; (2) retaliation in violation of 42 U.S.C. §§ 2000e *et seq.*; (3) discrimination in violation of the Americans with Disabilities Act ("ADA"); (4) failure to accommodate; (5) hostile work

environment in violation of 42 U.S.C. § 1981;  (6) intentional infliction of emotional distress;  (7) negligent infliction of emotional distress;  (8) wrongful discharge;  (9) violation of the ADA under 42 U.S.C. § 1983;  and  (10) race discrimination in violation of 42 U.S.C. § 1983.  (Document No. 11, pp. 13-33).

The Court issued a "Pretrial Order And Case Management Plan" (Document No. 15) on September 10, 2024.  The "...Case Management Plan" includes the following deadlines:  discovery completion – June 13, 2025;  mediation report – June 13, 2025;  dispositive motions – July 1, 2025;  and trial – December 1, 2025.  (Document No. 15).

"Defendants' Answer To Plaintiff's Amended Complaint" (Document No. 19) was filed on October 21, 2024.  Defendants Union County Department Of Social Services and Union County Division Of Human Services then filed the pending "...Motion For Judgment On The Pleadings" (Document No. 20) on October 25, 2024.

The pending motion has been briefed and is ripe for review and a recommended disposition to the Honorable Kenneth D. Bell.

## II.  STANDARD OF REVIEW

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.  Fed.R.Civ.P. 12(c).  "A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact."  Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (quoting Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014)).  In resolving a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view the facts in the light most favorable to the nonmoving party.  Bradley v. Ramsey, 329 F.Supp.2d 617, 622 (W.D.N.C. 2004).

A motion for a judgment on the pleadings is decided under a similar standard as a motion to dismiss brought under Fed.R.Civ.P. 12(b)(6), "with the key difference being that on a 12(c) motion, 'the court is to consider the answer as well as the complaint.'" Bradley, 329 F.Supp.2d at 622 (quoting Continental Cleaning Serv. v. United Parcel Serv., Inc., 1999 WL 1939249 at *1 (M.D.N.C. 1999)); see also Burbach Broadcasting Co. of Delaware v. Elkins Radio, 278 F.3d 401, 405 (4th Cir. 2002). "[D]ocuments attached to the Answer are part of the pleadings for Rule 12(c) purposes, and may be considered without converting a motion for judgment on the pleadings into a motion for summary judgment, only if the documents are central to the Plaintiff's claim and the authenticity is not challenged." Mendenhall v. Hanesbrands, Inc., 856 F.Supp.2d 717, 724 (M.D.N.C. 2012).

The court may consider materials referenced in, incorporated by reference, or attached to the pleadings, as well as exhibits to a Rule 12(c) motion that are integral to the complaint and authentic. See Fed.R.Civ.P. 10(c); Massey, 759 F.3d at 353; see also Massey, 3:11-CV-477-RJC-DCK, 2012 WL 2992129 (W.D.N.C. July 20, 2012). Courts cannot weigh facts or determine credibility in ruling on motions for judgment on the pleadings, but neither must they credit "allegations that offer only 'naked assertions devoid of further factual enhancement.'" Lowe v. Johnson, 797 F.App'x 791, 792 (4th Cir. 2020) (quoting Iqbal, 556 U.S. at 678). A court may grant a motion for judgment on the pleadings when no disputed facts remain and the moving party is entitled to judgment as a matter of law. Deutsche Bank Nat'l Tr. Co. Tr. for IndyMac INDX Mortg. Loan Tr. 2006-AR12 v. Fegely, 767 F.App'x 582, 583 (4th Cir. 2019).

## III.  DISCUSSION

Defendants Union County Department Of Social Services and Union County Division Of Human Services (together, "Moving Defendants") seek a judgment on the pleadings in their favor

and dismissing Plaintiff's Amended Complaint.  (Document No. 20).  In support of their motion, Moving Defendants assert that the Amended Complaint "continuously conflates the three Defendants with one another and relies on conflicting and demonstrably incorrect allegations to support her claim that all Defendants were her employers."  (Document No. 21, p. 2).  Moreover, "despite amending her Complaint to add Union County as a Defendant, Plaintiff still entirely fails to differentiate between the conduct purportedly attributable to each Defendant, and each of Plaintiff's ten causes of action are brought, without distinction, against 'all Defendants.'"  Id. (citing Document No. 11).  Moving Defendants note that they "are merely divisions of Union County."  Id.

Moving Defendants argue that they are not legal entities capable of being sued.  (Document No. 21, p. 4).  They assert that "there is no statutory basis for suing a county department such as the Moving Defendants here."  Id. (citing Malloy v. Durham Cnty. Dep't of Soc. Servs., 58 N.C. App. 61, 67 (1982) ("With respect to the County's rights of subrogation, its Department of Social Services is no more capable of suing in its own name than is some lower echelon employee of such Department.").  According to Moving Defendants, "courts in this jurisdiction, including this Court, routinely dismiss claims against defendants such as those named in this suit."  (Document No. 21, p. 5) (citations omitted).

"Plaintiff's Response..." states that she "does not object to the Moving Defendants' Motion for Judgment on the Pleadings and is unopposed to the dismissal of the Moving Defendants from the case."  (Document No. 24, p. 1).  Plaintiff "maintains, however, that all allegations and factual assertions directed toward the Moving Defendants remain in the record and be deemed applicable to the sole remaining Defendant, Union County."  Id.

"Defendants' Notice Of No Reply Pursuant To Local Rule LR 7.1" was filed on November 11, 2024.

Based on the foregoing, the undersigned finds that Moving Defendants have presented a persuasive argument, supported by relevant legal authority, that the pending motion should be granted and the claims against them dismissed.  <u>See</u> (Document No. 21).  Moreover, Plaintiff does not oppose the requested relief.  <u>See</u> (Document No. 24).  It appears to be undisputed that Union County will remain as the sole Defendant in this lawsuit.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants Union County Department Of Social Services and Union County Division Of Human Services' Motion For Judgment On The Pleadings" (Document No. 20) be **GRANTED**, and that all claims against Moving Defendants be **DISMISSED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005);  <u>United States v. Benton</u>, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  <u>Id.</u>  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue

Case 3:24-cv-00455-KDB-DCK    Document 26    Filed 11/15/24    Page 5 of 6

with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" <u>Martin v. Duffy</u>, 858 F.3d 239, 245 (4th Cir. 2017) (quoting <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: November 15, 2024

David C. Keesler
United States Magistrate Judge